THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL OTERO CASTRO ET AL., Defendants and Appellants.

No. 12485.   Argued November 3, 1947.—Decided November 24, 1947.

*Santiago Polanco Abréu* and *Ernesto J. Fonfrías* for appellants. *Luis Negrón Fernández, Attorney General, J. Rivera Barreras, Prosecuting Attorney,* and *Alberto Picó Santiago, Assistant Prosecuting Attorney* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

Rafael Otero Castro, as owner, and Ceferino Rivera Cajigas, as salesman, of a meat stand were accused and convicted by the District Court of San Juan of a violation of Administrative Order No. 124, approved by the Supplies Administrator under Act No. 228 of May 12, 1942, for having sold to Inés Rodríguez Colón two pounds of beef soup meat for twenty-five cents a pound, the maximum price fixed by said order being sixteen cents a pound. They were sentenced to serve three months in jail and to pay a fine of $100 each. They appealed and assigned as an only error that the judgment rendered is against the weight of evidence and contrary to law.

We have carefully examined all the evidence presented in this case and we are of the opinion that the same is not conflicting. However, the evidence for the prosecution is insufficient to support the judgment, inasmuch as it gives rise to a reasonable doubt as to the guilt of the defendants.

The witnesses for the government were Inés Rodríguez Colón and Gilberto Muñiz Fantauzzi. The former testified that on December 13, 1946, she bought two pounds of meat in the establishment of Rafael Otero Castro, which were sold to her by Ceferino Rivera Cajigas, co-defendant herein, who charged her fifty cents; that she asked for "two pounds of soup meat of ribs" and they sold her "soup meat of ribs". On cross- examination she testified:

"Q. Did you not ask for short ribs; that you wanted short ribs?
A. Well, that was a mistake, either his or mine.
Q. Then you admit to the Judge and to the District Attorney that you made a mistake?
A. Well.

Q. Was there or was there not a mistake? Is it true or not that you received short ribs which is at twenty-five cents, at twenty-eight cents, and that you accepted the meat because you liked it better?

A. I went and told him 'cut two pounds of ribs of that one'.

Q. Of ribs?

A. Yes, sir.

*       *       *       *       *       *       *

Q. Is it not true that they gave you ribs?

A. Yes, sir.

Q. Rib meat?

A. Yes, sir." (Page 8, Tr. of Ev.)

Upon being examined by the district attorney, she answered:

"Q. What kind of meat did they sell you?

A. That, rib meat." (Page 9, Tr. of Ev.)

The other witness for the government, Muñiz, declared that he saw when Inés Rodríguez left the meat stand and he examined the meat and it was soup meat, of beef; some pieces of rib bones with hardly any meat and then a separate piece of meat; that "about seventy-five per cent was bone" and that was soup meat and, furthermore, that the defendant Rivera had told him that he had sold two pounds of soup meat. Upon being examined by the defense, he testified that the meat had some ribs and that "in almost every case they include ribs in the soup meat"; he admitted that rib meat has another price, but later said that the rib meat "has no price".

The witnesses for the defense, Domingo García and Julio Irizarry, testified, in brief, that they were buying short ribs and stew meat and that when Inés Rodríguez arrived she asked the clerk to sell her two pounds of that same meat, which he did, charging her twenty-five cents a pound.

Administrative Order No. 124 of the General Supplies Administration provides that the maximum price for the retail sale of meat shall be, among others, the following:

"Stew meat_____30¢ lb.
Soup meat_____16¢ lb."

And describes these meats as follows:

*"Stew meat:* means abdomen, ribs, short ribs, chuck ribs, neck, back, and loin.

*Soup meat:* means shin bone, feet, and bones with 25% or more of meat."

Although it is true that at some time the witnesses for the prosecution stated that the meat sold by the defendant was soup meat, their testimony as a whole tends to show that said meat was from the ribs. If the maximum price fixed to the ribs is thirty cents a pound, inasmuch as ribs are considered stew meat under Administrative Order No. 124, said evidence, in our opinion is insufficient to support the conviction or, at least, because of its nature it gives rise to a reasonable doubt which the lower court should have decided in favor of the defendants. Although we are remiss to disturb the weighing of the evidence made by the lower court, especially when it is conflicting, we believe that in this case the error assigned was committed. *People* v. *Viana,* 41 P.R.R. 420.

The judgment should be reversed and the defendants acquitted.